UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-24-RJC-DLH

| WELLS FARGO BANK, N.A., | ) | |
|---|---|---|
| SUCCESSOR BY MERGER TO | ) | |
| WACHOVIA BANK, NATIONAL | ) | |
| ASSOCIATION, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK E. CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant Mark Carpenter's ("Defendant") Motion for Stay and Enforcement of Arbitration Agreement. (Doc. No. 7).

**I.    BACKGROUND**

Plaintiff sued Defendant for allegedly breaching his promise to repay a loan in his second of two promissory notes. (Doc. No. 1 at 3). Defendant moves to stay this action and enforce the parties' arbitration agreement. (Doc. No. 7). Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") consents to staying this case and submitting the case to arbitration, but asks the Court to order Defendant to file the arbitration action and pay the filing fees. (Doc. No. 8). Plaintiff also asks the Court to "allow either party to apply to this Court for an order enforcing the time limits of the Arbitration Agreement" if the arbitration hearings are not completed within 120 days of this Order. (Id. at 4).

Defendant's second promissory note contains an arbitration clause. (Doc. No. 1-2 at 6). The clause begins:

[u]pon demand of any party hereto, whether made before or after institution of

> any judicial proceeding, any claim or controversy arising out of or relating to the Loan Documents between parties hereto (a "Dispute") shall be resolved by binding arbitration conducted under and governed by the Commercial Financial Disputes Arbitration Rules (the "Arbitration Rules") of the American Arbitration Association (the "AAA") and the Federal Arbitration Act. Disputes may include, without limitation, tort claims, counterclaims, a dispute as to whether a matter is subject to arbitration, or claims arising from documents executed in the future, but shall specifically exclude claims brought as or converted to class actions.

(Id.).

## II.   ANALYSIS

The Federal Arbitration Act ("FAA") establishes a federal policy favoring the enforcement of written agreements to arbitrate. AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1742 (2011). Specifically, the FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay the proceeding and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. §§ 3 and 4.

The parties agree that their arbitration agreement covers this dispute. (Doc. Nos. 7 at 2; 8 at 2). Their agreement is rather broad and requires arbitration of "any claim or controversy arising out of or relating to the Loan Documents between parties hereto . . . [including] without limitation tort claims, counterclaims, a dispute as to whether a matter is subject to arbitration, or claims arising from documents executed in the future." (Doc. No. 1-2 at 6). The present dispute revolves around whether Defendant breached his promise to repay that he made within the agreement. (Doc. No. 1 at 3). The dispute is plainly within the scope of the parties' arbitration agreement.

The parties also agree that this Court must stay the present action pending the resolution

of arbitration. (Doc. Nos. 7; 8); see also United States v. Bankers Ins. Co., 245 F.3d 315, 319 (4th Cir. 2001) ("If the issues in the case are within the contemplation of the arbitration agreement, the FAA's stay-of-litigation provision is mandatory, and there is no discretion vested in the district court to deny the stay"). Therefore, the Court stays this action until such arbitration has been had in accordance with the terms of the agreement. See 9 U.S.C. § 3.

The FAA also requires the Court to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. The parties disagree as to whom the Court must order to file the arbitration proceeding. (Doc. Nos. 7; 8; 9). Plaintiff argues that the parties' contract and the relevant arbitration rules require Defendant to file the arbitration and pay all necessary filing fees. (Doc. No. 8 at 3). Defendant argues that he should not have to file an arbitration claim against himself. (Doc. No. 9 at 1).

Plaintiff must file the arbitration action. Plaintiff has made a claim that Defendant breached his promise to repay. (Doc. No. 1 at 3). The parties's agreement provides that "any claim or controversy arising out of or relating to the Loan Documents . . . shall be resolved by binding arbitration." (Doc. No. 1-2 at 6). The parties' agreement makes binding arbitration of this claim mandatory. Therefore, if Plaintiff wishes to pursue this breach of contract action, it must do so through binding arbitration. The Court orders Plaintiff to proceed to arbitration in accordance with the terms of the agreement. See 9 U.S.C. § 4. Plaintiff's failure to file a demand for arbitration with the American Arbitration Association within thirty (30) days of the date of this Order may result in the dismissal of this action with prejudice.

Plaintiff also argues that Defendant must pay the filing fees and requests that this Court enforce the timetables laid out in the arbitration clause if necessary. (Doc. No. 8 at 3-4). These matters of contract interpretation and enforcement will be for the arbitrator to decide upon

3

Plaintiff's initiation of that proceeding. This Court "may consider only issues relating to the making and performance of the agreement to arbitrate." Prima Paint Corp. v. Flood & Conlin Mfg. Co., 388 U.S. 395, 404 (1967). All other matters are for the arbitrator. Id.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Stay and Enforcement of Arbitration Agreement, (Doc. No. 7), is **GRANTED**;

2. Plaintiff is ordered to file a demand for arbitration with the American Arbitration Association within thirty (30) days of the date of this Order; and

3. This action is stayed until such arbitration has been had in accordance with the terms of the agreement.

Signed: October 24, 2011

Robert J. Conrad, Jr.
Chief United States District Judge