UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-24-RJC

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| MARK E. CARPENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff Wells Fargo (Wells Fargo)'s timely filed Application and Motion to Confirm Arbitration Award (Doc. No. 16) and supporting brief (Doc. No. 17). Defendant Carpenter has not filed any opposition to this motion, and the matter is now ripe for disposition.

Section 9 of the Federal Arbitration Act (FAA) provides that "any party to the arbitration may apply to the court … for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected" pursuant to Section 10 or 11 of the FAA. 9 U.S.C.A. § 9. "Judicial review of arbitration awards is … "among the narrowest known to the law." PPG Indus. Inc., v. Int'l Chem Workers Union Council, 587 F.3d 648, 652 (4th Cir. 2009) (quoting Union Pac. R.R. Co. v. Sheehan, 439 U.S. 89, 91 (1978)). An arbitration award may be vacated only when an arbitrator "strays from interpretation and application of the agreement and effectively, 'dispense[s] his own brand of industrial justice' …" Major League Baseball Players Assn. v. Garvey, 532 U.S. 504, 509 (2001) (internal citations

omitted).

The Court now finds that there are no grounds to vacate, modify or correct the arbitration order. **IT IS THEREFORE ORDERED that:**

1. Plaintiff's Motion for Confirmation of Arbitration Award (Doc. No. 16-1) is **GRANTED.**

2. The Court hereby enters judgment in accordance with the Award of Arbitrator (Doc. No. 16-1) as follows:

    a. Pursuant to the award, Defendant Carpenter is liable to Well Fargo for **$119, 127.22** which represents the following itemized sums: (i) one hundred thousand dollars ($100,000.00) in principal; (ii) four hundred and twenty four dollars and thirty one cents ($424.31) in accrued interest; (iii) counsel fees in the amount of fifteen thousand, sixty three dollars and sixty five cents ($15,063.65); (iv) late fees of eleven dollars and nineteen cents ($11.19); (v) copying and mailing fees of twenty eight dollars and seven cents ($28.07; and (vi) court costs including Claimants arbitration fees totaling three thousand six hundred dollars ($3,600.00).

Signed: February 13, 2013

Robert J. Conrad, Jr.
Chief United States District Judge